**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 12 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUANA NUNEZ VAZQUEZ; JENIFER PAOLA PENALOZA NUNEZ; JOVANY PENALOZA NUNEZ,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 23-899

Agency Nos. A202-179-686
A202-179-687
A202-179-688

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2024**
Phoenix, Arizona

Before: RAWLINSON and COLLINS, Circuit Judges, and FITZWATER, District Judge.***

Petitioners Juana Nunez Vazquez and her two minor children, Jenifer Paola

Penaloza Nunez and Jovany Penaloza Nunez, all citizens of Mexico, petition for

review of a decision by the Board of Immigration Appeals ("BIA") upholding a

decision of an Immigration Judge ("IJ") denying their applications for asylum and

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

*** The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

withholding of removal.[1] We have jurisdiction under § 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252. We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *See Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020). Under the latter standard, the "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We deny the petition.

Even assuming, without deciding, that Petitioners have established past harm rising to the level of persecution, the agency properly concluded that Petitioners failed to show the requisite nexus between their past persecution and their asserted membership in their proposed particular social groups of Nunez Vazquez's husband's family and land-owners in her hometown in Guerrero, Mexico.[2] The agency found that any past or feared harm was due to "criminal activity" rather than to a social-group-based motivation. In their brief in this court, Petitioners rely

---

[1] The child Petitioners filed their own applications for relief, but those applications relied dispositively on their mother's factual contentions in support of her application. The children were also listed as derivative beneficiaries on their mother's application for asylum. *See Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005) (stating that, unlike asylum, withholding of removal and relief under the Convention Against Torture "may not be derivative"). Petitioners also sought relief before the agency under the Convention Against Torture, but they have not challenged in their opening brief the agency's denial of that relief, and the issue is therefore forfeited. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013).

[2] Before the agency, Petitioners also relied on the protected ground of political opinion, but their opening brief does not present any argument as to why the agency erred in rejecting their arguments on that score. The issue is therefore forfeited. *See Lopez-Vasquez*, 706 F.3d at 1079–80.

on conclusory assertions that the nexus requirement was satisfied, without explaining why the BIA's ruling is not supported by the substantial evidence in the record that they were targeted instead for their money, land, and refusal to abet gang activity.  Because in our view substantial evidence supports the agency's determination that the harm Petitioners experienced was due to generalized criminal activity, we uphold its conclusion that Petitioners failed to establish nexus.  *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").  On that basis, we conclude that the agency properly denied Petitioners' requests for asylum and withholding of removal.  *Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023) ("A nexus between the harm and a protected ground is a necessary element of asylum and withholding of removal.").

**PETITION DENIED.**